# EXHIBIT

# B

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM  87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM  87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF
INSURANCE**
John G. Franchini – (505) 827-4299

**Service of Process**
Room 432
(505) 827-4241

**DEPUTY SUPERINTENDENT**
Robert Doucette – (505) 827-4439

February 2, 2017

*J 008
#035040894010101034*

GEICO General Insurance Co.
Legal Dept. – Matthew J Zuraw
2280 North Greenville Ave
Richardson, TX 75082

Re: Allen C. Ross vs. GEICO General Insurance Company
Docket No: 412-CV-2016-00597

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a
copy of a Summons, Complaint for Payment of Underinsured Motorist Coverage, Insurance Bad
Faith, and Violation of the Unfair Insurances Practices Act on the above styled cause.  Service
was accepted on your behalf on February 2, 2017.

Respectfully,

John G. Franchini, Superintendent

Enclosure
CERTIFIED MAIL 7012 3460 0003 1668 7042

| **SUMMONS** | |
|---|---|
| District Court: FOURTH JUDICIAL<br>San Miguel County, New Mexico<br>Court Address:<br>496 W. National Avenue<br>Las Vegas, New Mexico  87701<br>Court Telephone No.: 505-425-7281 | Case Number:<br>D-412-CV-2016-00597<br><br>Assigned Judge:<br>Honorable Matthew J. Sandoval |
| Plaintiff(s):<br>ALLAN CHARLES ROSS,<br>v.<br>Defendant(s):<br>GEICO General Insurance Company | Defendant<br>Name:    GEICO  General  Insurance<br>Company<br>Address: Office of Supt. of Insurance<br>4th Floor, 1120 Paseo de Peralta<br>Santa Fe, New Mexico |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.**       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at  Las Vegas                              , New Mexico, this 17th day of  January    , 2017 .

AURORA LOPEZ
CLERK OF DISTRICT COURT

By: /s/ Leonor Encinias                      /s/ D. MARIA SCHMIDT, Attorney at Law
          Deputy                                Name:    D. Maria Schmidt
                                                Address:  2905 Rodeo Park Dr. E Bldg. 2
                                                Santa Fe NM 87505
                                                Telephone No.: 505-982-5380
                                                Fax No.: 505-986-9176
                                                Email Address: maria@lawforpersonalinjury.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

FOURTH JUDICIAL DISTRICT
STATE OF NEW MEXICO
COUNTY OF SAN MIGUEL

ALLAN CHARLES ROSS,

     Plaintiff,

vs.                            CASE NO.: **D-412-2016-00597**

GEICO General Insurance Company,

     Defendants.

RETURN OF SERVICE

     I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in said County on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     To the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     To the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     To _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     To _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     To _____, an agent authorized to receive service of process for defendant _____.

[ ]      To _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem]
         of defendant _____ (*used when defendant is a minor or an incompetent
         person*).

[ ]      To _____ (*name of person*), _____, (*title
         of person authorized to receive service.  Use this alternative when the defendant is a
         corporation or an association subject to a suit under a common name, a land grant board of
         trustees, the State of New Mexico or any political subdivision*).

Fees: _____

         _____
         Signature of person making service
         _____
         Title (*if any*)

*Subscribed and sworn to before me this _____ day of _____, _____$^2$

_____
Judge, notary or other officer
Authorized to administer oaths
_____
Official title


*If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff
need not be notarized.*
[Adopted effective August 1, 1988]

FILED IN
4th JUDICIAL DISTRICT COURT
12/28/2016 9:44:27 AM

blc

FOURTH JUDICIAL DISTRICT COURT
COUNTY OF SAN MIGUEL
STATE OF NEW MEXICO

CASE NO:   D-412-CV-2016-00597

Sandoval, Matthew J.

ALLAN CHARLES ROSS,

     Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,

     Defendants.

### COMPLAINT FOR PAYMENT OF UNDERINSURED MOTORIST COVERAGE, INSURANCE BAD FAITH, AND VIOLATION OF THE UNFAIR INSURANCES PRACTICES ACT

COMES NOW Plaintiff Allan Charles Ross through counsel, Prince, Schmidt, Korte & Baca, LLP (D. Maria Schmidt) and for causes of action against Defendants alleges as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff, Alan Charles Ross (*hereinafter* Plaintiff) is a resident of the County of Maricopa, State of Arizona and has been at all times relevant hereto.

2.    Defendant GEICO General Insurance Company (*hereinafter* GEICO) is an insurance company licensed to do business and doing business in the State of New Mexico.

3.    All acts and omissions complained of herein occurred in the County of San Miguel, State of New Mexico.

4.    The accident which is the subject of this complaint occurred on December 15, 2015 in the County of San Miguel, State of New Mexico.

5.    This Court has jurisdiction over the subject matter and the Defendants, and venue lies in San Miguel County, New Mexico.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

7.      Plaintiff purchased an automobile insurance policy from Defendant GEICO which was in full force and effect on December 15, 2015.   Said insurance policy provided for uninsured/underinsured motorist coverage on his vehicle.   The insurance policy constitutes a contract of insurance.

8.      On December 15, 2015, Plaintiff was involved in an automobile accident in San Miguel County, New Mexico.   The accident was the fault of a negligent underinsured third party who collided with the Plaintiff.

9.      As a direct and proximate result of the negligence of the third party driver Plaintiff sustained permanent and painful personal injuries, has incurred medical expenses, loss of household services, lost wages and has endured pain and suffering and loss of enjoyment of life.

10.      Plaintiff had a legal right to recover damages from the at fault driver because that driver was negligent and caused Plaintiff's injuries. The at fault driver's liability insurance coverage was not sufficient to compensate Plaintiff for his medical expenses, loss of household services and lost wages.

11.      Under the contract of insurance, Defendant GEICO is obligated to compensate Plaintiff for damages he is legally entitled to recover from the underinsured driver who caused his injuries.  These damages include but are not limited to medical bills, loss of household services, loss of enjoyment of life, lost wages and pain and suffering.

12.      Plaintiff made a policy limits demand on Defendant GEICO to compensate him

2

for his damages.  Defendant GEICO has refused to pay the amount necessary to compensate Plaintiff for his damages.

13.     Plaintiff is entitled to such payment pursuant to the uninsured/underinsured motorist coverage in the contract of insurance purchased from Defendant GEICO which was in full force and effect at the time of the accident.

## COUNT I - INSURANCE BAD FAITH

14.     Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

15.     Plaintiff is an insured under the policy of insurance issued to him by Defendant GEICO.

16.     Plaintiff has performed all duties and obligations required of him in a timely manner as required under the terms of the policies issued by Defendant GEICO, including paying premiums.

17.     Plaintiff suffered a loss compensable under the terms of the policy when Plaintiff was involved in an accident caused by an underinsured third party.

18.     Defendant GEICO has a duty to act in good faith and to deal fairly with Plaintiff.

19.     Defendant GEICO willfully, recklessly, and without regard for the rights of Plaintiff, breached the duty of good faith and fair dealing owed to Plaintiff by knowingly committing the following acts:

(a)     Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

(b)     Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

3

(c)     Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insureds' claims in which liability has become reasonably clear;

(d)     Compelling Plaintiff to institute this litigation to recover amounts due under his policy;

(e)     Failing to promptly provide Plaintiff a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

20.     As a direct and proximate result of this accident, Plaintiff has sustained damages, including but not limited to, past and future medical billings, past and future pain and suffering, loss of enjoyment of life, loss of household services, lost wages, and past and future pain and suffering.

21.     Plaintiff is entitled to recover his attorney's fees and costs in pursuing this action pursuant to §39-2-1 NMSA 1978 (1953).

### COUNT II - VIOLATION OF UNFAIR INSURANCE PRACTICES ACT

22.     Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

23.     At all times material, there was in the State of New Mexico a statute NMSA 1984, §59A-16-20, (1997) (hereinafter the "Unfair Insurance Practices Act") defining and prohibiting certain unfair and deceptive insurance practices.

24.     The actions of Defendant GEICO, its agents and employees as set forth above constitute unfair insurance trade practices prohibited by NMSA 1984, §59A-16-1 through §59A-16-30.

4

25.     Defendant GEICO has breached the Unfair Insurance Practices Act by knowingly committing the following acts:

(a)     Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

(b)     Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

(c)     Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insureds' claims in which liability has become reasonably clear;

(d)     Compelling Plaintiff to institute this litigation to recover amounts due under his policy; and

(e)     Failing to promptly provide Plaintiff a reasonable explanation of the basis relied on in the policies in relation to the facts or applicable law for the offer of settlement.

26.     As a direct and proximate result of Defendant GEICO's breach of the Unfair Insurance Practices Act, Plaintiff has sustained damages, including but not limited to, past and future medical billings, past and future pain and suffering, loss of enjoyment of life, loss of household services and lost wages.

27.     Plaintiff is entitled to recover his attorneys fees and costs in pursuing this action pursuant to NMSA 1978, §39-2-1 (1953).

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants GEICO in an amount sufficient to compensate him for his damages, for his costs herein, for pre- and post-judgment interest, costs and attorneys' fees incurred by virtue of Defendant GEICO's violations of Section 59A-16-20, NMSA.   Plaintiff also respectfully

5

requests an award of actual damages occasioned by Defendant GEICO's bad faith in this matter, for its improper and willful conduct in this matter, and for such other and additional relief as this court deems just and proper.

PRINCE, SCHMIDT, KORTE & BACA, LLP

/s/ *D. Maria Schmidt, Attorney at Law*
D. MARIA SCHMIDT
2905 Rodeo Park Drive East
Building 2
Santa Fe, NM 87505
(505) 982-5380